**Debbie PLAS, Appellant,**

v.

**STATE of Alaska, and Avrum M. Gross, Attorney General, Appellees.**

**Dorothy FARRELL and Jean Ross, Petitioners,**

v.

**STATE of Alaska, Respondent.**

Nos. 3530, 3529.

Supreme Court of Alaska.

Aug. 24, 1979.

Margie MacNeille, Alaska Legal Services, Jeffrey M. Feldman, Asst. Public Defender, Anchorage, for appellant and petitioners.

Barry Stern, Asst. Atty. Gen., Anchorage, Anne Carpeneti, Asst. Atty. Gen., Daniel W. Hickey, Chief Pros., Avrum M. Gross, Atty. Gen., Juneau, for appellees and respondent.

Before RABINOWITZ, C. J., and CONNOR, BOOCHEVER, BURKE and MATTHEWS, JJ.

## OPINION

CONNOR, Justice.

This opinion arises from a petition for review and a criminal appeal that were consolidated for review by this court. The facts are uncontested. On June 19, 1976, appellant Debbie Plas was charged by an Alaska State Trooper with soliciting for the purpose of prostitution in violation of AS 11.40.230 which reads:

"It is unlawful within the state to procure or solicit, or to offer to procure or solicit for the purpose of prostitution."

A preceding section, AS 11.40.210 states:

"Prostitution includes the giving or receiving of the body by a female for sexual intercourse for hire." [1]

It is this statutory language which is at issue in this appeal.

Appellant Plas moved to dismiss the charge against her on the ground that the statute was invalid on its face, as violative of the equal protection of the laws required by article I, sections 1 and 3 of the Alaska Constitution, and the Fourteenth Amendment to the United States Constitution. The district court granted a dismissal. The state elected not to pursue an appeal. However, enforcement of the statute continued.

A civil complaint for declaratory and injunctive relief was subsequently filed on behalf of appellant Plas, in an effort to obtain a ruling, binding on the district courts, of the unconstitutionality of Alaska's statutes regulating prostitution related offenses. In her complaint, appellant Plas asserted:

1. That she is a female resident of the State of Alaska subject to prosecution under the state's statutes regulating prostitution related offenses;

2. That she was arrested and charged with having violated AS 11.40.230 and that the case was dismissed by the district court;

3. That, as a female citizen, she is still subject to arrest and prosecution under the statutes;

4. That any additional harassment, arrest or prosecution of her pursuant to the statutory scheme would cause her economic and emotional injury;

5. That AS 11.40.210–230 are violative of article I, section 3, of the Alaska Constitution and the fourteenth amendment to the United States Constitution because they distinguish between criminal and non-criminal conduct on the basis of sex.

The State of Alaska moved to dismiss the complaint on the grounds that the plaintiff lacked sufficient standing to bring the action. The superior court granted the state's motion to dismiss, finding that the statutes were constitutional and that Plas was without standing to prosecute this action.

On April 20, 1977, appellants Farrell and Ross were charged by an Alaska State Trooper with soliciting for the purpose of prostitution in violation of AS 11.40.230. A motion to dismiss on the ground that the statute was unconstitutional was denied by the district court. Farrell and Ross unsuccessfully sought reversal in the superior court, and then petitioned us for review, which we have granted.[2] The questions presented are (1) whether AS 11.40.210–230 is unconstitutional, and (2) whether appellant Plas has standing to challenge the constitutionality of the statute.

Two provisions of the Alaska Constitution bear upon our decision:

Article I, section 1, provides:

"*Inherent Rights.* This constitution is dedicated to the principles that all per-

1. AS 11.40.220 states:
"It is unlawful to engage in prostitution in the state."

2. In the superior court, the state stipulated to the granting of review. The state recognized that a controlling decision on the validity of the statute would be in the public interest and would result in a saving of the state's resources.

sons have a natural right to life, liberty, the pursuit of happiness, and the enjoyment of the rewards of their own industry; that all persons are equal and entitled to equal rights, opportunities, and protection under the law; and that all persons have corresponding obligations to the people and to the State."

Article I, section 3, provides:

"*Civil Rights.* No person is to be denied the enjoyment of any civil or political right because of race, color, creed, sex, or national origin. The legislature shall implement this section."

It is significant that the category "sex" was added to article I, section 3, of the Alaska Constitution by amendment in 1972.[3] We must thus consider the statute in the light of this constitutional prohibition, and the guarantee of equal rights and protection under the law contained in article I, section 1, of the Alaska Constitution.

■ As we stated in *State v. Erickson*, 574 P.2d 1 (Alaska 1978), we must assess equal protection claims under the Alaska Constitution by considering the purpose of the statute, the legitimacy of that purpose, the means used to accomplish the legislative objective, and "then determine whether the means chosen substantially further the goals of the enactment." *Id.* at 12. We must also balance the state interest in the chosen means against the nature of the constitutional right which is at issue. *Id.* at 12.

■ It is apparent that the statute invidiously discriminates against females. The offense of prostitution is capable of being committed by a male,[4] but is nowhere made criminal by the statute. In striking at prostitution the legislation singles out only the female body as the critical physical element of the crime. In view of gender neutrality required by article I, section 3, of the Alaska Constitution, the means used to accomplish the legislative end lacks rational justification. In creating criminal offenses it is particularly important that any distinctions as to gender rest upon some logical justification having a basis in the actual conditions of human life.[5] In our view the statute is unconstitutional insofar as it limits its operation to selling of only a female body.[6] This does not, however, end our task.

The language which presents the constitutional difficulty here is the phrase "by a female" contained in AS 11.40.210. We must consider whether the statute, with that offending language striken, can still accomplish its general intended purpose, and thus be saved from total nullity through the operation of the severability clause of this statute.[7] We think that the statute can be so sustained, with the mentioned words omitted. For the provision would then read:

"Prostitution includes the giving or receiving of the body for sexual intercourse for hire."

---

**3.** It appears that at least one woman member of the Alaska Constitutional Convention, Delegate Hermann, argued strenuously against the inclusion of that word in this section, on the ground that it was unnecessary. 2 Proceedings of the Alaska Constitutional Convention 1296 (Jan. 5, 1956).

**4.** We find unpersuasive the state's argument that the definition section of the statute, AS 11.40.210, is ambiguous, and that when taken with the general prohibitory section, AS 11.40.-220, and the punishment section, AS 11.40.250, which applies to a "person" convicted, the definition can be read to contain an implied prohibition of male prostitution.

**5.** For example, in *Lamb v. Brown*, 456 F.2d 18 (10th Cir. 1972), the court struck down an Oklahoma statute which allowed females under the age of 18 years to be proceeded against

under the juvenile code rather than by a criminal proceeding, but entitled males to such benefits only if they were under the age of 16 years. See also *Craig v. Boren*, 429 U.S. 190, 97 S.Ct. 451, 50 L.Ed.2d 397 (1976); *Reed v. Reed*, 404 U.S. 71, 92 S.Ct. 251, 30 L.Ed.2d 225 (1971).

**6.** As Judge Cates put it, concurring in *Holloway v. City of Birmingham*, 55 Ala.App. 568, 574, 317 So.2d 535, 541 (1975), "[O]ur society, either in asepsis or asceticism, should be even-handed."

**7.** Chapter 104, § 6, SLA 1955 provides:
"If any portion of this Act shall be declared unconstitutional, such decision shall not affect the validity of the remaining portions or sections of this Act."

It would then be neutral as to gender, it would accomplish the broad aim of the statute, and would not unreasonably distort the legislative intent.[8]  We believe that this is the proper solution to the problem.

■  We hold that the clause "by a female" is invalid for violating article I, section 3, of the Alaska Constitution, but that the balance of the statute remains legally intact.  In view of our holding we need not decide the question of whether appellant Plas has standing to attack the statute.

AFFIRMED.

---

8.  *See Lynden Transport, Inc. v. State,* 532 P.2d 700, 713 (Alaska 1975), where we set forth the test for severability as follows:

> The test for determining the severability of a statute is twofold.  A provision will not be deemed severable "unless it appears both that, standing alone, legal effect can be given to it and that the legislature intended the provision to stand, in case others included in the act and held bad should fall."  [footnote omitted]