In re **ANCHORAGE INTERNATIONAL INN, INC., et al., Bankrupts.**

**Mary Beth ARTUS, Trustee, Plaintiff,**

v.

**ALASKA DEPARTMENT OF LABOR, EMPLOYMENT SECURITY DIVISION, and Alaska Hotel and Restaurant Employees Health and Welfare Trust and Pension Trust, Defendants.**

**Bankruptcy No. A74–109G.**

United States Bankruptcy Court, D. Alaska.

Dec. 31, 1981.

bonding and regulation of contractors engaged in residential construction." Laws, 1981, Ch. 221 § 1.

William Artus of Artus & Choquette, P. C., Anchorage, Alaska, for plaintiff trustee.

David T. LeBlond, Asst. Atty. Gen., Anchorage, Alaska, for defendant Alaska Dept. of Labor, Employment Sec. Div.

Randall Simpson of Jermain, Dunnagan & Owens, Anchorage, Alaska, for defendant Alaska Hotel and Restaurant Emp. Health and Welfare Trust and Pension Trust.

## MEMORANDUM OPINION

J. DOUGLAS WILLIAMS, II, Bankruptcy Judge.

■ This matter, an adversary proceeding filed in connection with a proceeding under the Bankruptcy Act of 1898,[1] 11

---

1. All citations hereinafter to title 11 are to the repealed Bankruptcy Act of 1898, which act, pursuant to Section 403 of the Bankruptcy Re-

U.S.C. § 1 *et seq.*, is now before the Court on the Trustee's motion for summary judgment, pursuant to Bankruptcy Rule 756. The Trustee seeks a determination that AS 04.11.360(4), which forbids transfer of a state-created liquor license where a debt or tax owed by the licensed business is unpaid, conflicts with the priority distribution scheme of § 64 of the Bankruptcy Act, 11 U.S.C. § 104, and must be struck down pursuant to the Supremacy Clause, Art. VI of the United States Constitution. The Court has jurisdiction of this matter pursuant to § 23(a) of the Bankruptcy Act, 11 U.S.C. § 46. From a review of the record the Court finds that there exists no genuine issue as to any material fact. Having considered the arguments of the parties and the applicable law, the Court further finds that AS 04.11.360(4), insofar as it requires payment of state taxes owed by the licensed business as a prerequisite to license transfer, does not conflict with the Bankruptcy Act's priority distribution scheme and is not invalidated by the Supremacy Clause. But the requirement of AS 04.11.360(4) that all general debts of the business be paid before a license may be transferred does interfere with the Bankruptcy Act's priority distribution scheme, and, pursuant to the Supremacy Clause, it may not be enforced where the transferor has initiated bankruptcy proceedings.

## I. *Summary of Facts*

On September 27, 1974, the various entities that owned the leasehold estate on which the Anchorage International Inn (Inn) is located and also owned the liquor license for the Inn, filed petitions for arrangement under Chapter XI of the Bankruptcy Act of 1898. The debtors operated the Inn pursuant to a confirmed plan until March 28, 1979, when they were adjudicated as bankrupts, at which time a trustee was appointed. The Trustee continued to operate the Inn after her appointment.

While the debtors operated the Inn pursuant to the Chapter XI arrangement, before conversion to straight bankruptcy, they failed to pay approximately $20,000 in employee withholding contributions due Defendant State of Alaska, Department of Labor (State). The debtors also failed to pay approximately $143,000 due to Defendant Alaska Hotel and Restaurant Employees Health and Welfare Trust and Pension Trust (Union) during this period. The instant summary judgment motion seeks to resolve the Defendants' status as holders of these obligations.[2]

On December 19, 1980, this Court approved the proposed sale by the trustee of the Inn and its assets, including the liquor license. The Trustee subsequently applied to the Alcoholic Beverage Control Board (ABC Board), for a transfer of the liquor license. The ABC Board is a statutorily created state regulatory agency with exclusive authority to license and regulate the manufacture, sale and consumption of alcoholic beverages in Alaska. *See* Alaska Statutes, Title 4. The ABC Board has sole authority to, *inter alia*, issue and transfer liquor licenses. AS 04.06.100. No liquor license may be transferred from one person to another without ABC Board approval. AS 04.11.040(a).

The ABC Board denied the Trustee's request for a transfer of the liquor license, because of outstanding debts and taxes owed by the licensee Inn. The ABC Board based its denial on AS 04.11.360(4) which reads as follows:

> An application requesting approval of a transfer of a license to another person under this title shall be denied if ... (4) the transferor has not paid all debts or taxes arising from the conduct of the business licensed under this title ....

The parties subsequently stipulated to allow the sale and transfer of the license, with the Trustee holding the sale proceeds

---

form Act of 1978, continues (with exceptions not applicable here) to apply to cases filed prior to the effective date of the Reform Act.

**2.** Debts allegedly owed the Union arising out of the period after conversion are not the subject of this motion. The parties apparently agree that such debts are payable as administrative expenses.

pending a determination by the Bankruptcy Court of their proper distribution.

The Trustee filed a complaint for declaratory judgment on May 13, 1981. The complaint seeks a declaration that neither the State nor the Union has a lien or a priority claim against the sale proceeds and that the claims of each are inferior to the rights of the Trustee and of the Inn's secured creditors. The Trustee subsequently filed the instant summary judgment motion.

## II. *The Supremacy Clause Argument*

The Trustee contends that where a transferor of a liquor license has filed for bankruptcy, the Supremacy Clause bars application to a proposed transfer of the requirement of AS 04.11.360(4) for full payment of debts and taxes. The Trustee asserts that § 64 of the Bankruptcy Act, 11 U.S.C. § 104, mandates the priority ranking to be assigned creditors of a bankrupt. The Trustee further argues that application of AS 04.11.360(4) would result in a priority payment by the estate to creditors, the State and the Union, not entitled to priority under the Bankruptcy Act, and that AS 04.11.360(4) is, in effect, a state-created priority, in conflict with the priority system of the Bankruptcy Act.

The State and the Union reply that AS 04.11.360(4) does not establish a priority claim against the bankrupt's estate, but limits the nature of the bankrupt's property right in the liquor license, thus limiting the value of the property before it enters the bankrupt estate. The defendants argue that the State created the license and gave it value and that the State can limit the value of property it creates. According to the State and the Union, through AS 04.11.-360(4) the State limited the re-sale value of the liquor license by encumbering the license with the obligation of the transferor to pay all debts and taxes prior to transfer. Under this view, the Inn received only the encumbered value when it received the license, and only the encumbered value enters the bankrupt estate. Thus, the State and Union conclude that payment of the delinquent debts and taxes takes nothing from the estate and therefore the payment is neither a priority nor a preference.

Ninth Circuit case law requires a finding that AS 04.11.360(4) is constitutional insofar as the statute requires payment of delinquent taxes owed the State before transfer of a liquor license is authorized. The statutory section limits the extent of the property right initially granted the licensee, and does not create a priority right to payment from a bankrupt estate. But the rulings of the Court of Appeals for the Ninth Circuit require that AS 04.11.360(4) be found invalid under the Supremacy Clause of the United States Constitution insofar as the statute requires that a licensee in bankruptcy pay all general debts of the licensed business before a transfer of the license can be approved. Such an attempt by the State to give priority to certain creditors of a bankrupt frustrates the purpose and effect of the priority scheme established by the Bankruptcy Act.

*United States v. State of California*, 281 F.2d 726 (9th Cir. 1960), and *Matter of Professional Bar Co. Inc.*, 537 F.2d 339 (9th Cir. 1976), require a finding that AS 04.11.-360(4), in mandating payment of delinquent State taxes prior to transfer of the liquor license, limits the licensee's property right in the license and does not create a priority claim against the bankrupt estate. In those cases the Ninth Circuit upheld § 24049 of the California Business and Professions Code, which authorized denial of a liquor license transfer application where the applicant owed certain enumerated State taxes. The trustee in bankruptcy had argued that the statute attempted to create a priority claim to distribution from the bankrupt estate. But the Court held that the statute only limited the nature of the property right granted the licensee. The State, being free to impose conditions on transfer and to limit the value of property it wholly creates, chose to make the transfer value of a liquor license the net value after the State's tax claims were satisfied. Only the net value passes into the bankrupt estate for distribution by the trustee. *U. S. v. California, supra*, 281 F.2d at 728; *Professional Bar, supra*, 537 F.2d at 340. *See also,*

*Hyde v. Woods,* 94 U.S. 523, 24 L.Ed. 264 (1876); *Board of Trade of Chicago v. Johnson,* 264 U.S. 1, 44 S.Ct. 232, 68 L.Ed. 533 (1924).

Alaska Statute 04.11.360(4), insofar as it requires payment of state taxes arising from the conduct of the business licensed,[3] is indistinguishable from the statute upheld in *U. S. v. California* and in *Professional Bar.* The State of Alaska created and gave value to the license issued the Inn. The State has chosen to limit the transfer value of the license by encumbering the license with the obligation to pay delinquent State taxes. Only this limited value passes to the estate. No conflict with the priority scheme of § 64 of the Bankruptcy Act is presented.

The holding and reasoning of the Ninth Circuit in *In re Leslie,* 520 F.2d 761 (9th Cir. 1975), require the opposite conclusion concerning the transfer prerequisite of AS 04.-11.360(4) for payment of all debts arising from the conduct of the licensed business. The Court in *Leslie* was faced with a California statutory scheme requiring that all proceeds from a liquor license sale be placed in escrow and directing how, in cases where the escrow was insufficient to pay the debts of the transferor, the proceeds were to be distributed. The Court held that this scheme, when applied in a bankruptcy situation, was an unconstitutional infringement on the bankruptcy powers of Congress. The Court first held that the California statutory scheme created priorities, not liens or encumbrances on the license, relying in part on *Grover Escrow Corp. v. Gole,* 77 Cal.Rptr. 21, 71 Cal.2d 61, 453 P.2d 461 (1969). The Court further held that attempts to require payment to creditors, in contrast to payment of state taxes, interfered with the attempt of Congress in the Bankruptcy Act to create a uniform priority system. Distinguishing *U. S. v. California, supra,* the Court summarized:

Thus, while a state, as the creator of a liquor license, may validly impose conditions on its transferability for the state's own benefit, it may not, consistently with paramount federal law, impose conditions which discriminate in favor of particular classes of creditors.

*In re Leslie, supra,* 520 F.2d at 763.

The Ninth Circuit reaffirmed the distinction between attempts to require payment of State taxes and payment of debts to creditors as prerequisites to license transfers in *Matter of Professional Bar, supra.* In upholding a statutory requirement of payment of State taxes, the Court stated that, "Limitation of the value of state-created property on behalf of the state itself (and not private creditors) does not interfere with or frustrate federal bankruptcy law." *Id.,* 537 F.2d at 340, n.2.

Alaska Statute 04.11.360(4), insofar as it requires payment of general debts, creates statutory priorities, not statutory liens or encumbrances on property. The purpose and effect of AS 04.11.360(4) are indistinguishable from those of the California statutes struck down in *Leslie.* Title 4 of the Alaska Statutes establishes a scheme to exclusively regulate the rights of creditors of liquor licensees, just as did the California statutes. *See Grover Escrow Corp. v. Gole, supra,* 453 P.2d at 463. A liquor license cannot be garnished or attached, nor can execution be levied on it. AS 09.35.087. It is not subject to foreclosure and cannot be used as collateral in a security agreement. AS 04.11.670. The Alaska Supreme Court has declared that it was the intent of the Alaska legislature by these provisions to prevent one creditor of a liquor license from gaining a preferred position over another creditor. *C.Y., Inc. v. Brown,* 574 P.2d 1274, 1277 (Alaska 1978).[4] It is clear that the Alaska statutes attempt to establish the

---

3. The State and the Trustee have entered into a stipulation as to the amount of delinquent tax that arose from "the conduct of the business licensed" under Title 4 of the Alaska Statutes.

4. Though the Alaska Court in *C.Y. Inc.* was interpreting the statutes as written before the

amendments implemented by 1980 SLA ch 131, effective July 1, 1980, the amendments to the relevant sections serve only to broaden the control of creditors' remedies under the Alcoholic Beverage Control Act.

exclusive means by which a creditor can use the value of a liquor license to satisfy his claims, just as did the statutes at issue in *Leslie*. But this scheme as to general debts cannot control over the method of creditor satisfaction established by the Bankruptcy Act.

The conclusion that AS 04.11.360(4), in its application to general debts, attempts to create priorities and not liens is further supported by the contrast between that section and Alaska's lien statutes. The Alaska legislature has explicitly set forth the types of statutory liens authorized in Alaska, meticulously delineating the manner of their creation and perfection. *See* AS 34.35. Nowhere in Chapter 35, of Title 34, (Property: Liens) is there mention of a creditor's lien against a liquor license. The contrast between the careful description of Chapter 35 and the cursory statement of AS 04.11.-360(4) indicates that the latter section was not intended to establish a lien.

 The purposes of the Bankruptcy Act and the constitutional mandate of the supremacy of federal law also require the invalidation of the general debt payment requirement of AS 04.11.360(4) in bankruptcy situations. Any state statute that frustrates the purposes and full effect of the bankruptcy laws is invalid, even though the statute may be an otherwise valid exercise of the state's police power. Thus, in *Perez v. Campbell*, 402 U.S. 637, 91 S.Ct. 1704, 29 L.Ed.2d 233 (1971), the Supreme Court struck down a state statute requiring, as a prerequisite to restoration of driving privileges, the satisfaction of a pre-bankruptcy debt arising from an automobile accident. Though the Court recognized the valid public safety interest sought to be protected by the law, it held that the valid purpose could not save the statute, since its effect was to frustrate bankruptcy law. The sole test by which the validity of a state statute is measured under the Supremacy Clause is whether the statute "stands as an obstacle to the accomplishment and execution of the full purposes of Congress." [5] *Id.*, 402 U.S. at 649, 91 S.Ct. at 1711.

The application of AS 04.11.360(4) to general debts in bankruptcy situations would frustrate the Bankruptcy Act's purpose of providing an equitable distribution of a bankrupt's non-exempt property to all creditors of the same class. It would also frustrate the purpose of Congress to establish unified federal priorities. *In re Leslie, supra*, 520 F.2d at 763. Thus, the Supremacy Clause forbids the application of the requirement of AS 04.11.360(4) that a liquor licensee pay all debts owing to creditors of the licensed business before the license may be transferred, where the licensee has initiated bankruptcy proceedings.

██ It might be argued that the requirement of AS 04.11.360(4) for payment of state taxes also frustrates the full effect of the bankruptcy laws, by attempting to grant the state's tax claims a higher priority than they would receive under § 64 of the Bankruptcy Act. Indeed, the Ninth Circuit's labelling of tax payment requirements as limitations on property but of creditor payment requirements as priorities may seem conclusory, if not contradictory. *See, e.g.*, the dissenting opinion of Judge Smith in *Matter of Professional Bar, supra*. Perhaps the validation of the tax requirement is best understood by analogy to the doctrine of set-off, whereby a creditor owing a debt to a debtor and owed a debt by the debtor is allowed to strike a balance by setting off one obligation against the other. *See, e.g.*, § 68 of the Bankruptcy Act of 1898, 11 U.S.C. § 108. The rules of set-off were created to remedy the unfairness perceived in requiring a creditor to pay his debts in full to the bankrupt, while granting the creditor only a percentage of debts owed him by the bankrupt. *See*, 4 Collier on Bankruptcy, ¶ 68.02 at pp. 852–854, (14th ed. 1978). It would likewise be unfair to require the State, which created the liquor license and has full control over its transfer and renewal, to recognize a transfer at full value while requiring the debtor to pay to the State only a portion of the taxes owed it. In any event, this Court is bound by the rulings of the Ninth Circuit.

---

**5.** Quoting from *Hines v. Davidowitz*, 312 U.S. 52, 67, 61 S.Ct. 399, 404, 85 L.Ed. 581 (1941).

Additionally, though the question was not addressed by the parties (who may have assumed the answer), it is necessary to determine whether the liquor license ever became property of the estate, since if it did not, the State's restrictions on transfer would not affect the distribution of the estate. Section 70(a)(5) of the Bankruptcy Act declares that the trustee is vested with the title of the bankrupt, as of the date of filing of the bankruptcy petition, to all property which prior to the filing of the petition the bankrupt could by any means have transferred. The liquor license was property that the Inn could have transferred. The Alaska Supreme Court has declared that despite the ABC Board's complete right to deny a transfer, a liquor licensee has the power to transfer the right to request a transfer, and that this right is what is in fact transferred by any sale of a license. *Queen of the North v. LeGrue*, 582 P.2d 144, 149 (Alaska 1978).

III. *Severability*

 Since the tax payment requirement of AS 04.11.360(4) withstands constitutional scrutiny while the general debt payment requirement does not, the question arises as to whether the former should be given effect when the latter cannot be applied. An examination of the statute and of Alaska law regarding severability of statutory provisions demonstrates that the provisions of AS 04.11.360(4) are severable and that the tax requirement remains in effect in bankruptcy situations.

 The question of the severability of statutory provisions is one of legislative intent. Where a state statute is at issue, the question is one of state law.

 To determine whether statutory provisions are severable in Alaska, the court must ask whether the remainder of the statute, minus the offensive part, is so independent and complete that it may be presumed that the legislature would have enacted the valid parts without regard to the invalid part. *Jefferson v. State*, 527 P.2d 37, 41 (Alaska 1974). The leading Alaska statement of the severability test is that set out in *Lynden Transport, Inc. v. State*, 532

P.2d 700, 713 (Alaska 1975), quoting from *Dorchy v. Kansas*, 264 U.S. 286, 290, 44 S.Ct. 323, 324, 68 L.Ed. 686 (1924):

A provision will not be deemed severable "unless it appears both that, standing alone, legal effect can be given to it and that the legislature intended the provision to stand, in case others included in the act and held bad should fall."

The Alaska Supreme Court has explicitly held that it is not dispositive that the stricken parts constitute a fragment of a paragraph, *Kenai Peninsula Borough School District v. Kenai Peninsula Borough School District Classified Ass'n*, 590 P.2d 437, 442 (Alaska 1979), and it has stricken three words from the middle of a sentence, leaving the remainder in effect, *Plas v. State*, 598 P.2d 966, 968–969 (Alaska 1979).

Alaska Statute 04.11.360(4) passes Alaska's two-step test of severability. First, the tax payment requirement makes literal sense and can be given legal effect in the absence of the debt payment requirement. Second, it appears most likely that the Alaska legislature would have enacted the tax restriction even if it had known that the debt restriction could not be applied in bankruptcy cases. The trustee has not suggested any reason why the legislature would have made one requirement dependent upon the other. No reason appears why the State would elect to forego tax payments because creditors must submit to the priority distribution scheme of the Bankruptcy Act.

 The general severability provision of AS 01.10.030 supports the finding of severability. That statute declares:

Any law heretofore or hereafter enacted by the Alaska legislature which lacks a severability clause shall be construed as though it contained the clause in the following language, "if any provision of this Act, or the application thereof to any person or circumstance is held invalid, the remainder of this Act and the application to other persons or circumstances shall not be effected [sic] thereby."

The Alaska Supreme Court has held that a general severability clause creates a slight presumption in favor of severability. *Lynden Transport Co., Inc. v. State, supra,* 532 P.2d at 712–713. That Court has also stated that, where possible, it will nullify a particular statutory provision rather than an entire statute. *Bonjour v. Bonjour,* 592 P.2d 1233, 1237–1238 (Alaska 1979). This presumption adds to the reasoning set out above to produce a finding that the provisions of § 360(4) are severable.

Although AS 04.11.360(4) is constitutionally impermissible in its application to general debts in a bankruptcy case, since the invalid portion is severable, the trustee is entitled to summary judgment as against the Union, but not as against the State. An order will be entered accordingly.