Ralph MEYER, Appellant,

v.

Irving I. BASS, Trustee in Bankruptcy of the Estate of Vensep, Inc., etc., Bankrupt, and Division of Labor Law Enforcement, Appellees.

Irving I. BASS, Trustee in Bankruptcy of the Estate of Vensep, Inc., Bankrupt, Appellant,

v.

Ralph MEYER, Appellee.

No. 16459.

United States Court of Appeals Ninth Circuit.

July 11, 1960.

Max Sisenwein, Dorothy Kendall, Los Angeles, Cal., for appellant.

Quittner, Stutman & Treister, Los Angeles, Cal., for the appellee Bass.

Pauline Nightingale, Conrad Lee Klein and Joseph Abihider, Los Angeles, Cal., for the Division of Labor Law Enforcement.

Before STEPHENS, BARNES and MERRILL, Circuit Judges.

MERRILL, Circuit Judge.

Vensep, Inc., suffered business failure in its operation of a restaurant and cocktail lounge in Culver City, California. It made a general assignment of its assets to Meyer for benefit of its creditors. Later, in response to an involuntary petition in bankruptcy, it was adjudicated bankrupt. This action is brought by the Trustee in Bankruptcy against Meyer, as assignee, seeking to surcharge Meyer for sums paid by him to discharge certain obligations to the State of California and expenses of administration as improper disbursements under § 2, sub. a(21) of the Bankruptcy Act. 11 U.S. C.A., § 11, sub. a(21). The referee ruled in favor of the trustee and the District Court affirmed granting judgment against Meyer in the sum of $4,437.40. Meyer then took this appeal.

The trustee has taken a cross-appeal upon the sole ground that the District Court erred in refusing to dismiss Meyer's petition for review of the order of the referee as not having been taken within ten days. 11 U.S.C.A. § 67, sub. c.

This, however, is a matter directed to the discretion of the District Court. Pfister v. Northern Illinois Finance Corp., 1942, 317 U.S. 144, 153, 63 S.Ct. 133, 87 L.Ed. 146. The order of the referee surcharging Meyer was entered October 23, 1958. Meyer did not file his petition for review until November 24, 1958, some thirty-two days later, explaining that he had not known of the filing of the order until November 12, 1958. The District Court ruled:

"Although petitioner failed to file a petition for review within the time prescribed * * * this court, exercising equitable powers, may, and under the circumstances here should, entertain the present petition for review."

We do not regard this action as constituting an abuse of discretion. Upon the cross-appeal of the trustee, the District Court is affirmed.

The general assignment for benefit of creditors was made by Vensep to Meyer on May 29, 1957. Wages earned by employees of Vensep during the ninety days prior to assignment and remaining unpaid at that time amounted to $7,662.85. California Code of Civil Procedure, § 1204, provides that such wage claims not exceeding $600.00 each "constitute preferred claims and liens as between creditors of the debtor and must be paid by the trustee, assignee or receiver before the claim of any other creditor of the assignee * * *."

California Revenue and Taxation Code, § 6756, provides in part:

"The preference given to the State by this section shall be subordinate to the preferences given to claims for personal services by Sections 1204 and 1206 of the Code of Civil Procedure."

Among the assets of Vensep taken by Meyer, as assignee, was an on-sale liquor license issued by the California Department of Alcoholic Beverage Control. California Business and Professions Code, § 24049, provides:

"The department may refuse the renewal or transfer of any license when the applicant is delinquent in the payment of any taxes due under the Alcoholic Beverage Tax Law, the Sales and Use Tax Law, the Personal Income Tax Law, or the Bank and Corporation Tax Law, when such tax liability arises in full or in part out of the exercise of the privilege of an alcoholic beverage license, or any amount due under the Unemployment Insurance Code when such liability arises out of the conduct of a business licensed by the Department of Alcoholic Beverage Control."

On July 8, 1957, Meyer sold the liquor license subject to department approval for $5,800.00. The department refused transfer until payment had been made of delinquent unemployment compensation benefits in the sum of $1,655.08. These sums were paid by Meyer and the transfer of license was allowed by the department.

■ Following the adjudication in bankruptcy, the California Division of Labor Law Enforcement filed in the bankruptcy court a claim in the sum of $7,662.85 on behalf of Vensep employees. The trustee then brought this proceeding to surcharge Meyer for improperly preferring the claims of the Department of Alcoholic Beverage Control.

The position taken by the trustee and supported by both the referee and the District Court is that California law explicitly gives the wage claim priority over the tax claim of the State: that, under the circumstances, Meyer was without authority to make payment of the tax claims demanded by the Department of Alcoholic Beverage Control, since this amounted to granting a priority to those claims contrary to law.

In United States v. State of California, 9 Cir., 281 F.2d 726, this same contention was made by the United States claiming a priority for its tax lien over that of the State under § 24049 of the Business and Professions Code. We rejected that contention, ruling that the

question was not one relating to priority of liens or claims, but relating rather to the nature of the property to which such liens attach. As in that case, our holding in the case at bar is that California has placed a limitation upon the right of an applicant to the renewal or transfer of a liquor license; that this amounts to a limitation upon the property which that right constitutes and upon the values which attach to that property. These and no greater values were realized by the estate of the debtor and bankrupt. It is to those values that the claim of the Division of Labor Law Enforcement attached.

The trustee points out that the statute does not require payment of the specified taxes in every case as a condition to assignment; that authority is simply given to the department to impose the condition. The trustee contends that imposition of the condition under the circumstances of this case and in the light of statutorily announced state policy was improper and that the duty lay upon the assignee to challenge the authority of the department to make demand in this case.

We do not so view the duty of the assignee. The demand was made pursuant to statute by the very state agency charged with the responsibility for determining when and whether the demand should be made. The department thus spoke for the State. The fact that the State upon some form of review might have retracted does not alter the fact that the demand of the department, when made, was entitled to respect and compliance.

We conclude that it was error to surcharge the assignee, Meyer, with the sums paid pursuant to the requirement of the Department of Alcoholic Beverage Control in order to secure the transfer of the liquor license.

While serving as assignee, Meyer also paid out in general expenses of administration the sum of $362.32; paid to himself a fee of $423.70 and to his attorney a fee of $250.00. These sums, totaling $1,036.02, also were surcharged to Meyer.

This was proper. Under § 1204, California Code of Civil Procedure, an assignment for benefit of creditors creates a lien upon the property assigned in favor of wage claimants of the assignor, which is superior in entitlement to expenses of administration. Division of Labor Law Enforcement v. Stanley Restaurants, 9 Cir., 1955, 228 F.2d 420. Payment of fees and expenses of administration in disregard of the liens of the wage claimants was an improper disbursement by the assignee.

The judgment of the District Court is modified to reduce the judgment in favor of the trustee from the sum of $4,437.40 to the sum of $1,036.02.