In the Matter of PROFESSIONAL BAR CO., INC., a corporation, Bankrupt.

Irving SULMEYER, Trustee in Bankruptcy for Professional Bar Co., Inc., Appellant,

v.

STATE OF CALIFORNIA DEPARTMENT OF EMPLOYMENT DEVELOPMENT, and State of California State Board of Equalization, Appellees.

No. 75–1051.

United States Court of Appeals, Ninth Circuit.

May 5, 1976.

Rehearing and Rehearing En Banc Denied July 12, 1976.

Brian Siegal (argued), Los Angeles, Cal., for appellant.

Herbert A. Levin, Deputy Atty. Gen. (argued), Los Angeles, Cal., for appellees.

Before SMITH,* TRASK, and GOODWIN, Circuit Judges.

* The Honorable J. Joseph Smith, Senior United States Circuit Judge for the Second Circuit, sitting by designation.

PER CURIAM:

The trustee in bankruptcy brought action against the California Department of Employment and the State Board of Equalization to recover, for the benefit of certain wage claimants, money paid to the state as a condition of the transfer of four on-sale liquor licenses. The district court denied recovery, and the trustee appeals. We affirm.

■ The trustee argues that, under both federal and state law, qualified wage claims against a bankrupt estate are entitled to priority over tax claims of the class asserted here. This is true as a general principle.[1] In this case, however, the problem is not so much one of priority of claims as one of defining the nature of the bankrupt's property to which the claims attach.

■ As we made clear in *United States v. California,* 281 F.2d 726 (9th Cir. 1960), and *Meyer v. Bass,* 281 F.2d 728 (9th Cir. 1960), California has placed a limitation on the value of a state liquor license by authorizing the Department of Alcoholic Beverage Control to refuse to transfer a state-created liquor license so long as certain state taxes remain delinquent. *See* Cal. Bus. & Prof.Code § 24049 (West Supp.1975). The bankrupt estate, insofar as it includes liquor licenses, has only the limited value of the licenses encumbered as they may be by the terms of the statutes which create the licenses and provide the conditions of their transfer. It is to that limited value that any claims against the estate attach.

■ Our conclusion that Section 24049 is not in conflict with the law of bankruptcy is compatible with our prior holdings that conflicting priorities established by state law must yield to federal supremacy upon the intervention of bankruptcy. *See, e. g., Elliott v. Bumb,* 356 F.2d 749 (9th Cir. 1966).[2] Because the state creates and controls its liquor licenses, the terms of any transfer of a license necessarily remain the prerogative of the state. If the state chooses to create conditions which make the transfer value of a license a net value after the state's claims are satisfied, that residual value is all that the trustee may look to.

■ We agree with the district court that the state is entitled to its exactions, but it is federal and not state law that must be applied to determine the distribution of the estate as diminished. *In re Leslie,* 520 F.2d 761 (9th Cir. 1975). Although Cal.Bus. and Prof.Code § 24074 (West Supp.1975) establishes a system of priorities among creditors in the transfer of a state liquor license, federal rather than California law must be applied in deciding priority when the net proceeds in issue have become available to the trustee. *In re Leslie,* 520 F.2d at 762–63; *Gough v. Finale,* 39 Cal.App.3d 777, 783–84, 114 Cal.Rptr. 562, 566–67 (1st Dist. 1974); *cf. Business Title Corp. v. Division of Labor Law Enforcement,* 52 Cal. App.3d 199, 125 Cal.Rptr. 1 (2d Dist. 1975).

Affirmed.

SMITH, Circuit Judge (dissenting):

I respectfully dissent. The result seems to me inconsistent with the thrust of *Perez v. Campbell,* 402 U.S. 637, 91 S.Ct. 1704, 29 L.Ed.2d 233 (1971), since priority in distribution of the proceeds of the sale of the asset is here determined under state law in a manner inconsistent with the federal bankruptcy law priorities. Undoubtedly *Meyer v. Bass,* 281 F.2d 728 (9th Cir. 1960) and *United States v. California,* 281 F.2d 726 (9th Cir. 1960), support the result reached here. Their foundation, however,

1. *See* 11 U.S.C. § 104 (1970); Cal.Bus. & Prof. Code § 24074 (West Supp.1975); Cal.Civ.Proc. Code § 1204 (West 1972); Cal.Rev. & Tax Code § 6756 (West 1972); Cal.Unemp.Ins.Code § 1702 (West 1972).

2. Our holding is also consistent with the principles of decision enunciated in *Perez v. Campbell,* 402 U.S. 637, 91 S.Ct. 1704, 29 L.Ed.2d 233 (1971), and *Grimes v. Hoschler,* 12 Cal.3d 305, 115 Cal.Rptr. 625, 525 P.2d 65 (1974), *cert. denied,* 420 U.S. 973, 95 S.Ct. 1394, 43 L.Ed.2d 653 (1975). Limitation of the value of state-created property on behalf of the state itself (and not private creditors) does not interfere with or frustrate federal bankruptcy law.

has been weakened by *Perez,* for that case also involved a conflict between a state licensing scheme—conditioning licensing on financial arrangements—and bankruptcy law provisions. See also *In Re Kanter,* 505 F.2d 228 (9th Cir. 1974). The state might refuse transfer of a delinquent license, *State Board of Equalization v. Stodd,* 500 F.2d 1208 (9th Cir. 1974), which would destroy its value, and grant licenses to others in its regular course, but when it permits sale of the license it preserves the value of an existing asset of the estate. I think it must look to the bankruptcy law for determination of the priorities of claimants against the assets of the estate.

The trustee characterizes the state's claim under § 24049 as the levy of a tax lien against the assets of the bankrupt estate, the state characterizes it as mere regulation of a property interest, the liquor license, subject to the requirements of the section as an inherent part of the property interest itself. Of the two, the trustee's interpretation seems more in accord with the position of the Court in *Perez* that state laws must yield to the bankruptcy statutes if the state laws frustrate the full effectiveness of the federal provisions. *Perez, supra,* 402 U.S. at 652, 91 S.Ct. at 1712, 29 L.Ed.2d at 244. Section 64 orders wage earners be paid first, § 24049 that the state come first, regardless of § 64.

The liquor license is no more a state created property which the state may regulate and control without regard to the bankruptcy laws than was the driver's license in *Perez.* I would reverse.