## In re ANTHONY'S RESTAURANT, INC., t/a Alvino's Restaurant, Debtor.

### Bankruptcy No. 84–00469T.

United States Bankruptcy Court, E.D. Pennsylvania.

Dec. 7, 1984.

Gary M. Schildhorn, Philadelphia, Pa., for debtor.

Steven H. Sailer, Newtown, Pa., for Newtown Savings.

## MEMORANDUM OPINION

THOMAS M. TWARDOWSKI, Bankruptcy Judge.

The Chapter 11 debtor has filed, pursuant to section 363 of the Bankruptcy Code, 11 U.S.C. § 363, a motion to sell all of its assets at a private sale free and clear of all liens and encumbrances against the assets for the sum of $735,000.00 plus payment to be determined at a later date for unused inventory of food and liquor. The debtor later amended its motion by requesting that we allow the debtor to convey the assets to the proposed purchaser "under and subject to the first mortgage". The debtor amended its motion because the purchaser has agreed that in the event the debtor preserves in place the first mortgage presently encumbering the assets, the purchaser will pay to the debtor, in addition to the aforementioned purchase price, a sum representing one-half of the value of that mortgage as opposed to replacement financing at current market rates. The first mortgagee, Newtown Savings ("Newtown"), has objected to this amendment, although it does not oppose the original motion. No other party has objected to either the original motion nor the amended motion. The debtor's requested sale of the assets under and subject to Newtown's mortgage is not part of the agreement of sale between the debtor and the purchaser. Also, the proposed sale would take place whether or not the purchaser is able to assume Newtown's mortgage. The debtor has equity in the assets.

Newtown's objection to the amended motion is based upon the "due-on-sale" provisions in its mortgage with the debtor, which essentially authorize Newtown to declare immediately due and payable all sums due under the mortgage if the debtor sells the assets encumbered by the mortgage without the written consent of Newtown. Newtown has not consented to the proposed sale because Newtown wishes to be paid in full at settlement, along with the other lienors, rather than having the proposed purchaser assume its mortgage.

It is undisputed that, under Pennsylvania law, the "due-on-sale" provisions of Newtown's mortgage are valid and enforceable. The present issue, however, is whether, under bankruptcy law, the "due-on-sale" provisions prevent the debtor from selling its assets under and subject to Newtown's mortgage.

We first note that Newtown has not alleged that its interest in the assets would not be adequately protected should we allow the sale under and subject to its mortgage. *See* 11 U.S.C. § 363(e).

However, in *Butner v. United States,* 440 U.S. 48, 99 S.Ct. 914, 59 L.Ed.2d 136 (1979), the Supreme Court held that property interests in the assets of a debtor's estate should be analyzed and determined according to state law unless Congress or some other identifiable federal interest requires otherwise. In the present case, there is simply no such identifiable federal interest that would require us to treat Newtown's rights pursuant to its mortgage any differently in the bankruptcy context than under Pennsylvania law. In the first place, the debtor has not alleged that the sale would further the debtor's Chapter 11 reorganization. *See United States v. Whiting Pools, Inc.,* 462 U.S. 198, 103 S.Ct. 2309, 76 L.Ed.2d 515 (1983); *In re Attinello,* 38 B.R. 609 (Bankr.E.D.Pa.1984). In this regard, we note that the debtor has not filed a plan of reorganization and is selling all of its assets. Secondly, there is no reason to believe that the "fresh start" theory is involved in this matter. The debtor will not receive any proceeds from the sale whether or not its assets are sold under and subject to the mortgage. At most, selling the assets under and subject to the mortgage could benefit the debtor's unsecured creditors. However, there is, of course, no identifiable federal interest in *per se* benefitting unsecured creditors at the expense of a secured creditor. Thirdly, contrary to the debtor's contention, the "due-on-sale" provisions of the mortgage are of a distinctly different nature than forfeiture or bankruptcy default clauses. Therefore, the debtor's argument that there is a federal interest in preventing the enforcement of such clauses is inapposite to the present matter. Finally, the debtor's reliance on *Matter of North American Dealer Group, Inc.,* 16 B.R. 996 (Bankr.E. D.N.Y.1982), is misplaced because that case did not involve "due-on-sale" provisions of a mortgage (but, rather, a bankruptcy default clause) and because it did not involve a sale of property under and subject to a mortgage.

For the foregoing reasons, we shall deny the debtor's amendment to its motion, thereby not permitting the debtor to sell its assets under and subject to Newtown's mortgage. However, we shall grant the debtor's original motion and permit the debtor to sell all of its assets free and clear of all liens and encumbrances against the assets, including Newtown's mortgage lien.