**In re POLYCORP ASSOCIATES, INC., Debtor.**

**Bankruptcy No. 3–84–00516T–LK.**

United States Bankruptcy Court, N.D. California.

March 13, 1985.

Daniel Linchey, Goldberg, Stinnett & MacDonald, San Francisco, Cal., for debtor.

Richard F. Finn, Deputy Atty. Gen., John K. Van De Kamp, Atty. Gen., of the State of Cal., San Francisco, Cal., for the State.

## ORDER DENYING MOTION TO SELL LIQUOR LICENSES FREE AND CLEAR OF TAXES

JACK RAINVILLE, Bankruptcy Judge.

Trustee's motion to transfer liquor licenses free and clear of asserted tax claims of the State of California came before the Court on March 11, 1985. Daniel Linchey, Esq., appeared for trustee. Richard Finn, Esq., appeared for John K. Van De Kamp, Attorney General of the State of California. After argument by both parties, the matter was taken under submission. The Court now renders its order.

The trustee seeks an order authorizing the transfer of debtor's liquor licenses free and clear of certain tax claims asserted by the State of California.

California Business and Professions Code section 24049 requires as one of the preconditions to the transfer of a state granted liquor license the payment by the transferor of any state taxes due from transferor up to the value of the liquor license being transferred.

A series of Ninth Circuit decisions have construed this California Code section as a limitation on a licensee's ownership or property interest in a liquor license and have repeatedly upheld California's right to condition an estate's right to transfer on the payment of such taxes despite bankruptcy. The most recent of these cases is *In re Anchorage Intern. Inn, Inc.*, 718 F.2d 1446 (9th Cir.1983). Other decisions on this point are *Matter of Professional Bar Co., Inc.*, 537 F.2d 339 (9th Cir.1976), *Meyer v. Bass*, 281 F.2d 728 (9th Cir.1960), *United States v. State of California*, 281 F.2d 726 (9th Cir.1960). The rationale of these cases is that the value of the license as property, and consequently the extent of licensee's interest therein, is its value less taxes due at the time of transfer. In *Meyers v. Bass*, 281 F.2d at 731, the court says:

> California has placed a limitation on the right of an applicant to the renewal or transfer of a liquor license; that this amounts to a limitation upon the property which that right constitutes and upon the values which attach to the property. These and no greater values were realized by the estate of the debtor and bankrupt.

Debtor contends that these cases are no longer applicable under the Bankruptcy Code effective 1979, and so contends on the basis of language in 11 U.S.C. § 541 (the Code equivalent of section 70 of the former Act) which debtor urges expands the concept of property in this area. Specifically, trustee refers to 11 U.S.C. § 541(c)(1)(A), which states:

> ... Except as provided in paragraph (2) of this subsection, an interest of the debtor in property becomes property of the estate under subsection (a)(1), (a)(2), or (a)(5) of this section notwithstanding any provision in an agreement, transfer instrument, or applicable nonbankruptcy law—
>
> ... that restricts or conditions transfer of such interest by the debtor; ...

Trustee also cites the case of *In re Farmers Market, Inc.*, 36 Bankr. 829 (E.D.Cal. 1984) in support of his contention.

The Ninth Circuit cases still correctly define the extent of debtor's and the estate's interest in a liquor license. There is nothing in the above quoted language from section 541 that alters the reasoning of the Ninth Circuit cases. This statutory language merely eliminates any former doubt that may have existed that the estate becomes the owner of a debtor's liquor license upon bankruptcy despite the fact that such a transfer is by operation of law instead of by compliance with the state's normal transfer procedures.

The legislative history of 11 U.S.C. § 541(c) has this to say:

> Subsection (c) invalidates restrictions on the transfer of property of the debtor, in order that all the interests of the debtor in property will become property of the estate. The provisions invalidated are those that restrict or condition transfer of the debtor's interest, and those that are conditioned on the insolvency or financial condition of the debtor, on the commencement of a bankruptcy case, or on the appointment of a custodian of the debtor's property...

*See* H.R.Rep. No. 595, 95th Cong., 1st Sess. 369 (1977), U.S.Code Cong. & Admin.News 1978, pp. 5787, 6325.

The plain meaning of that language is that 541(c)(1)(A) is intended to eliminate barriers to the transfer of property *to* the estate, and nothing more.

To interpret the language of section 541(c)(1)(A) as urged by the trustee, one would have to presume that Congress intended to alter the valuation placed on the license by the State of California.

If the rationale of the Ninth Circuit cases is correct that the State of California created a limited value in the license when it issued it, then that rationale is still correct

unless we presume that Congress can tell California it has no such power or can abrogate California's power to evaluate.

Concentration on the "restriction on transfer" part of section 541(c)(1)(A) simply begs the question as to the *extent* of the interest that is transferred to the estate.

California some time ago enacted section 24079 of the Business and Professions Code, and its most recent amendment was in 1972.

In essence, Section 24079 provides that certain liquor licenses have a maximum value of $6,000.00 and proscribes transfers of those licenses within defined time limits for any sum greater than $6,000.00. It is obvious that such a license in the hands of a trustee would have no greater value than $6,000.00, and 11 U.S.C. § 541(c)(1)(A) obviously would give the trustee no greater property right.

The problem with the trustee's analysis and with the analysis in the *Farmer* case is that they both ignore the fact that Business and Professions Code section 24049 defines a property interest in a liquor license just as surely as does section 24079. They both set a price tag on the debtor's interest, and consequently, the estate's interest in liquor licenses; and with respect to section 24049, the Ninth Circuit explicitly and unmistakeably holds that that is within the state's power so to do.

■ It has often been said by analysts of 11 U.S.C. § 541 that its passage greatly expanded the concept of property entering a bankruptcy estate. That is true, but those words must be cautiously applied and not expanded into a concept of the creation of property where none existed under state law. While the bankruptcy code defines the interest which becomes property of the estate, the nature and extent of the debtor's *interest* in the property is still determined by non-bankruptcy laws. COLLIER ON BANKRUPTCY, 15th Ed. (MB), ¶ 541.-061.

For the foregoing reasons, the trustee's motion is denied.