**In the Matter of CALIFORNIA BOARD OF EQUALIZATION, Appellant,**

**v.**

**MGM LIQUOR WAREHOUSE,**
**Appellee/Debtor.**

**Civ. No. 3–85–758.**

United States District Court,
D. Minnesota,
Third Division.

Aug. 16, 1985.

Derry L. Knight, Sacramento, Cal., for appellant.

James M. Strother, Minneapolis, Minn., for appellee/debtor.

## ORDER

RENNER, District Judge.

Before the court is the California Board of Equalization appeal. The appeal was heard on written briefs without oral argument. James M. Strother appears for appellee debtor. Derry L. Knight appears for the Board. For reversal, the Board argues that the bankruptcy court erred in finding that the Bankruptcy Code of 1978 changed the definition of property of a debtor's estate so as to entitle the debtor's estate to the entire sales proceeds of a liquor license despite existing encumbrances thereon. The court agrees.

MGM Liquor Warehouse, Inc. (debtor), a Minnesota corporation and debtor-in-possession, moved the Bankruptcy Court of the District of Minnesota to complete the private sale of off-sale general alcoholic beverage licenses at fair market value in the State of California, and to order the California Board of Equalization (Board) to transfer a previously approved California liquor license sale. To accomplish this the debtor requested an order directing the Board to cease its efforts to collect pre-petition delinquent tax liabilities as a condition to approval of transfer of the liquor license. The Board had advised the debtor it would seize debtor's bankruptcy estate assets to satisfy pre-petition debts before allowing transfer of the licenses. The bankruptcy court, relying on the language of *In re Farmers Markets* 36 B.R. 829 (Bkrtcy.E.D.Cal.1984), by Order of March 13, 1985, granted the relief requested.

California Business and Professions Code section 24049 provides for the optional payment of any state taxes due, up to the

value of the liquor license to be transferred, as a precondition to transferring a state-created liquor license. It further provides that

> [t]he department may refuse to transfer any license when the applicant is delinquent in the payment of any taxes due under the Alcoholic Beverage Tax Law, the Sales and Use Tax Law, the Personal Income Tax Law, or the Bank and Corporation Tax Law, or on unsecured property as defined in Section 134 of the Revenue and Taxation Code, when such tax liability arises in full or in part out of the exercise of the privilege of an alcoholic beverage license, or any amount due under the Unemployment Insurance Code when such liability arises out of the conduct of a business licensed by the Department of Alcoholic Beverage Control.

Under the Bankruptcy Act of 1898 the state's right to condition a transfer, despite the pendency of bankruptcy, has been repeatedly upheld by Ninth Circuit Court of Appeals decisions. *See, e.g., In re Anchorage International Inn, Inc.,* 718 F.2d 1446 (9th Cir.1983); *Matter of Professional Bar Co.,* 537 F.2d 339 (9th Cir.1976); *Meyer v. Bass,* 281 F.2d 728 (9th Cir.1960).

The parties disagree over the interpretation of 11 U.S.C. § 541(c)(1)(A), which provides

> [e]xcept as provided in paragraph (2) of the section, an interest on the debtor in property becomes property of the estate under subsection (a)(1), (a)(2), or (a)(5) of this section notwithstanding any provision in an agreement, transfer instrument, or applicable non-bankruptcy law—
>
> (A) that restricts of conditions transfer of such interest by the debtor;

Debtor urges this court to accept the analysis in *In re Farmers Markets, Inc., supra.* The court there stated

> the Code greatly expanded the definition of property of the estate and reduced the reliance upon state law. The estate is now comprised of *all* the debtor's interests and is not limited by the terms of a state statute even though the statute initially may have created the property. By enacting § 541(c)(1)(A), Congress specifically meant to invalidate any provision in any agreement or law that restricts or conditions the transferability of a debtor's interests.

*In re Farmers Markets, Inc.,* at 832.

Appellant Board relies upon *In re Polycorp Associates, Inc.,* 47 B.R. 671 (Bkrtcy. N.D.Cal.1985) holding that bankruptcy laws defer to state laws when determining the varying interests in a debtor's assets. The court there stated that the language of § 541(c)(1)(A) "merely eliminates any former doubt that may have existed that the estate becomes the owner of a debtor's liquor license upon bankruptcy despite the fact that such a transfer is by operation of law instead of by compliance with the state's normal transfer procedures." *Polycorp* at 672. Such language "is intended to eliminate barriers to the transfer of property *to* the estate, and nothing more." *Id.* Otherwise, the court continued, "one would have to presume that Congress intended to alter the valuation placed on the license by the State of California." *Id.*

The legislative history of 11 U.S.C. § 541 states

> [s]ubsection (c) invalidates restrictions on the transfer of property of the debtor, in order that all of the interests of the debtor in property will become property of the estate. The provisions invalidated are those that restrict or condition transfer of the debtor's interest, and those that are conditioned on the insolvency or financial condition of the debtor, on the commencement of a bankruptcy case, or on the appointment of a custodian of the debtor's property.

*See* H.R.Rep. No. 595, 95th Cong., 1st Sess. 369 (1977); U.S.Code Cong. & Admin.News 1978, p. 5787, 6325. While section 541 of the bankruptcy code provides a system for dealing with the debtor's interest in property and his debts, the "existence and nature of the debtor's interest in property, and of his debts, are determined by non-bankruptcy law." COLLIER ON BANKRUPTCY, 15th Ed. ¶ 541.02.

This court agrees with the reasoning of *Polycorp*. Here the State of California "set a price tag on the debtor's interest, and consequently, the estate's interest in liquor licenses." *Polycorp* at 673. The language of § 541(c)(1)(A) does expand the concept of property entering a bankruptcy estate; however, the creation of property cannot be expanded "where none existed under state law." *Id.*

This court cannot interpret the language of section 541(c)(1)(A) so as to conclude that Congress intended to tell the State of California that it had no power to create a limited value in its liquor license, or that Congress intended to abrogate California's power to value the same.[1]

Based on the foregoing, the file and records, IT IS HEREBY ORDERED that the decision of the bankruptcy court be reversed.

---

1. Arguments concerning the application of the automatic stay provisions of 11 U.S.C. section 362 are therefore moot and need not be considered at this time.