**In re Robert M. MILLER and Marion B. Miller, Husband and Wife, d/b/a The Marion, Debtors.**

**Warren R. KECK, III, Trustee, Plaintiff,**

v.

**SCHUSTER'S RESTAURANT, INC., Defendant.**

**Bankruptcy No. 85–00005E.
Adv. No. 85–0097E.**

United States Bankruptcy Court, W.D. Pennsylvania.

Dec. 29, 1986.

## OPINION

WARREN W. BENTZ, Bankruptcy Judge.

### Case Summary

This matter comes before the Court on the Trustee's Complaint for Turnover of Pennsylvania Liquor License No. R–16785. The Trustee alleges that the transfer of the license was a preferential transfer of an asset of the Debtors to the Defendant which is avoidable under Bankruptcy Code, 11 U.S.C. § 547. The Defendant's posture is that the transfer was more than 90 days before the filing of the bankruptcy petition, was for good consideration, and was without any fraud or fraudulent intent.

### Facts

The facts, as stipulated to by the parties, are as follows.[1] The Debtors purchased

---

1. This Opinion constitutes this Court's findings of fact and conclusions of law as required by Bankruptcy Rule 7052.

the restaurant business and assets, including the above referenced Pennsylvania Liquor License, from the Defendant herein, on January 21, 1980, pursuant to a time payment agreement of sale. The Debtors were in default under the agreement of sale as early as January 23, 1983 as reflected by an addendum to the agreement executed that date. The addendum provided that the Defendant could repurchase the license from the Debtors for $10,000. The addendum further provided that any delinquencies in payment on the part of the Debtors would be credited to the $10,000 repurchase price. Further default and delinquencies by the Debtors resulted in yet another agreement between the Defendant and the Debtors that was signed on September 3, 1984 which provided, *inter alia*, for the vacation of the Debtors from the premises by September 30, 1984 and the transfer of the liquor license back to the Defendants by that date. Debtors' counsel, by way of his offer of proof, submitted that the Defendant nevertheless permitted the Debtors to remain until October 31, 1984.

An application for the transfer of the license was prepared sometime in November of 1984 and was filed with the Pennsylvania Liquor Control Board ("Board") on January 2, 1985. The application was approved by the Board on January 24, 1985. The voluntary petition herein was filed January 21, 1985.

### Discussion

The case at bench presents two issues for the Court's consideration. First, we must decide whether a Pennsylvania liquor license is property of the bankruptcy estate. Secondly, the Trustee asks us to determine that the transfer occurred within 90 days of the filing of the petition so as to bring the transfer within the Trustee's avoiding powers under 11 U.S.C. § 547. However, as will be seen, the transfer was postpetition and the applicable provision is § 549.

Property of the estate is defined at § 541 of the Bankruptcy Code as follows:

(a) The commencement of a case under § 301, 302 or 303 of this title creates an estate. Such estate is comprised of all the following property, wherever located and by whomever held:

(1) ... all legal or equitable interests of the debtor in property as of the commencement of the case.

We are further informed by 11 U.S.C. § 541(c)(1)(A) and (B) which provide:

[e]xcept as provided in paragraph (2) of this subsection, an interest of the debtor in property becomes property of the estate under subsection (a)(1), (a)(2) or (a)(5) of this section notwithstanding any provision in an agreement, transfer instrument or applicable nonbankruptcy law—

(A) that restricts or conditions transfer of such interest by the debtor; or

(B) that is conditioned on the insolvency or financial condition of the debtor, on the commencement of a case under this title, or on the appointment of or taking possession by a trustee in a case under this title or a custodian before such commencement and that effects or gives an option to effect a forfeiture, modification, or termination of the debtor's interest in property.

These provisions clearly evince Congress's intention to create a bankruptcy estate of *all* of the debtor's interests in property. The legislative history of 11 U.S.C. § 541 amplifies this intention:

Subsection (c) invalidates restrictions on the transfer of property of the debtor, in order that all of the interests of the debtor in property will become property of the estate. The provisions invalidated are those that restrict or condition transfer of the debtor's interest, and those that are conditioned on the insolvency or financial condition of the debtor, on the

commencement of a bankruptcy case, or on the appointment of the custodian of the debtor's property.

H.R.Rep. No. 595, 95th Cong., 1st Sess. 369 (1977), U.S.Code Cong. & Admin.News 1978, pp. 5963, 6325. We concur with the Court in *In re Polycorp Associates, Inc.,* 47 B.R. 671 (Bkrtcy.N.D.Cal.1985), cited with approval in *California Bd. of Equalization v. MGM Liquor Warehouse,* 52 B.R. 77 (D.C.1985), which held that § 541 confers ownership of debtor's liquor license to the bankruptcy estate by operation of the Bankruptcy Code, notwithstanding the existence of the state's transfer procedures. Both of those Courts also held that the nature of the debtor's interest in the liquor license as transferred to the estate by operation of § 541, is defined by state law. See 4 *Collier* on Bankruptcy, 15 E.D. ¶ 541.02, the "existence and nature of the debtor's interest in property, and of his debts, are determined by nonbankruptcy law."

 Thus, we hold that the Debtors' interest in the within Pennsylvania liquor license, a privilege under state law, is property of the estate under the Bankruptcy Code. Therefore a transfer of the Debtors' interest in a liquor license may be subject to avoidance by the Trustee as a preference under § 547 of the Bankruptcy Code.

Our analysis would be incomplete without a brief discussion of the characterization of a Pennsylvania liquor license under state law. 47 Pa.Stat.Ann. 4–468(b.1) states that "the license shall continue as a personal privilege granted by the board and nothing herein shall constitute the license as property." In that regard the Commonwealth Court held that a creditor may not obtain a valid security interest in a liquor license, *In re Revocation of Liquor License,* 72 Pa.Commw. 367, 456 A.2d 709 (1983). (But, see *In re Kluchman,* 59 B.R. 13, Bkrtcy.W.D.Pa.1985, where a lien on a liquor license was held to be unenforceable until the license was sold, at which time the lien could be asserted against the proceeds of sale.) In *1412 Spruce Inc. v. Pennsyl-*

vania *Liquor Control Board,* 504 Pa. 394, 474 A.2d 280 (1982), the Pennsylvania Supreme Court held that a liquor license is not property subject to execution by a judgment creditor.

The Court of Appeals for the Third Circuit recently had occasion to examine the two above cited Pennsylvania cases. The Court noted that these cases "somewhat weaken the case for classifying a liquor license as property, since their effect is to restrict a license's leviability." *21 West Lancaster Corp. v. Mainline Restaurant, Inc.,* 790 F.2d 354 (1986) at p. 358. Nevertheless, the Court there held that a liquor license is "property" subject to a federal tax lien in that it constitutes property or rights to property within the meaning of the Internal Revenue Code, 26 U.S.C. § 6321. The Court reasoned that "while state law creates legal interests and defines their incidents, the ultimate question whether an interest thus created and defined falls within a category stated by a federal statute requires an interpretation of that statute, which is a federal question," citing *In re Halprin,* 280 F.2d 407, 409 (3d Cir.1960). We believe that the holding of the Third Circuit in *21 West Lancaster Corp., supra,* controls the case at bar with respect to the question of whether the liquor license is an interest of the debtor in property and therefore includable in the estate of the debtor by virtue of a federal statute, the Bankruptcy Code.

 Having concluded that a liquor license is property of the estate under § 541, we turn to a discussion of the effective date of the transfer of the license herein. Our examination is guided by the Pennsylvania Code which states: [2]

Transfers of Ownership. The actual transfer of ownership of the business shall not pass until approval of the transfer of license has been given. Pa.Code 40 § 7.2.

In the instant case, the Board approved the transfer on January 24, 1985. The execu-

2. 47 Pa.Stat.Ann. § 2–207(i) empowers the Board to promulgate regulations, one of which

is the above pertaining to transfers of ownership.

tion of the contract on September 3, 1984 did not constitute a transfer of the license; nor did it impose a lien or other charge thereon. Rather, it is clear from the Pennsylvania Code provision cited above that transfer of ownership of the license occurred upon Board approval. That approval occurred three days after the filing of the bankruptcy. As such it would be a *postpetition* transfer of property of the estate not in the ordinary course of the Debtors' business, and therefore avoidable by the Trustee pursuant to 11 U.S.C. § 549, rather than § 547, since the preference statute, as § 547 is known, is applicable only to transfers which occur before the filing of the bankruptcy.

We also hasten to point out that the transfer, occurring as it did after the commencement of the bankruptcy case, was in contravention of the applicable statute administered by the Board:

> In the event that any person to whom a license shall have been issued under the provisions of this article shall become insolvent, make an assignment for the benefit of creditors, become bankrupt by either voluntary or involuntary action, the license shall be immediately placed in safekeeping with the board for the balance of the term of the license and for an additional period of one year upon application to the board by the trustee, receiver, or assignee. The trustee, receiver, or assignee, shall have, during said period of safekeeping, the same rights, benefits and obligations as to the license as the person to whom the license had been issued, including the right to transfer the license subject to the approval of the board. The license shall continue as a personal privilege and nothing herein shall constitute the license as property. 47 Pa.Stat.Ann. § 4-468(b.1).

This language could not more clearly reflect the Pennsylvania Legislature's intent that a liquor license be at once transferred to the custody of the Trustee upon the filing of a bankruptcy petition. Had the Board been made aware of the bankruptcy of these Debtors, we have no doubt it would not have approved the application for transfer.

We thus conclude that the transfer of the liquor license is avoidable by the Trustee under § 549 of the Bankruptcy Code and an appropriate order will issue.