In re William E. DEAN.

M. Randy RICE, Trustee, Plaintiff,

v.

SHONEY'S INC.; Shoney's Inc. d/b/a Captain D's; and Shoney's, Inc. Agent of Captain D's Ownership Plan 1978–1979, Defendants.

David K. Wachtel, Jr., Intervenor.

Bankruptcy No. 92–41906 S.
Adv. No. 94–4035.

United States Bankruptcy Court,
E.D. Arkansas,
Little Rock Division.

Oct. 19, 1994.

788

M. Randy Rice, Trustee, Little Rock, AR.

H. William Allen, Little Rock, AR, for defendants.

Steve Durand, Little Rock, AR, for intervenor.

## ORDER GRANTING MOTION FOR PARTIAL SUMMARY JUDGMENT

MARY D. SCOTT, Bankruptcy Judge.

THIS CAUSE is before the Court upon the Defendants' Motion for Partial Summary Judgment, filed on September 2, 1994. The trustee and the intervenor filed responses to the motion and the defendants filed a reply on October 5, 1994.

Between 1979 and 1981, the debtor, as an employee of Shoney's, Inc. became a joint venturer with other Shoney's employees in investing in certain Captain D's restaurants. The debtor owned, among others, Joint Venture Unit Nos. C75 and C76 of Captain D's Ownership Plan 1978–1979. Shoney's, Inc. is the authorized agent of this joint venture and also owns certain interests in that joint venture. The trustee seeks to sell the debtor's interest in this joint venture agreement free and clear of all interests of Shoney's, Inc. to the intervenor. The trustee filed the instant adversary proceeding seeking a declaratory judgment that (1) all right, title, and interest in the Unit Nos. C75 and C76 of the joint venture are fully vested in him as trustee; (2) he has the authority to transfer his interest in the units to a third party purchaser; and (3) approval of the sale to the intervenor.

The defendants filed an answer and a counterclaim asserting that there is a valid restriction on transfer in the joint venture agreement such that it may not be sold to a third party. The defendants further seek a determination that its right under the agreement to purchase the debtor's interest is enforceable. The defendants have filed a motion for partial summary judgment seeking a ruling on the validity and enforceability of the restriction on transferability in the bankruptcy context.

■ The parties do not dispute the facts material to the determination of the motion. The parties agree that the debtor's interest in the joint venture became property of the estate upon the filing of the Chapter 7 petition-in-bankruptcy, 11 U.S.C. § 541(a), and that the trustee has the power to sell property of the estate. The parties also agree that the trustee's power to sell property is not unlimited. The legal issue presented by the motion for summary judgment is whether the particular restrictions contained in the joint venture agreement are enforceable in bankruptcy. Defendants assert that certain restrictions in the joint venture agreement preclude sale of the estate's interest in the joint venture to a third party who is not an employee of Shoney's, Inc. The trustee and intervenor assert that the restrictions are invalid under Bankruptcy Code sections 541(c)(1)(A) and 363(l).

The joint venture agreement, the interests the trustee seeks to sell, contains several restrictions on transferability. Among the restrictions is the following:

THIS INTEREST HAS NOT BEEN REGISTERED WITH THE SECURITIES AND EXCHANGE COMMISSION AND MAY NOT BE PLEDGED AND MAY NOT BE TRANSFERRED UNLESS EITHER REGISTERED OR ACCOMPANIED BY AN OPINION OF THE ISSUER'S COUNSEL THAT REGISTRATION IS NOT REQUIRED. THESE INTERESTS ARE ALSO SUBJECT TO THE RESTRICTIONS ON TRANSFER FOUND IN PARAGRAPHS FIVE AND SIX OF THIS AGREEMENT.

Paragraphs five and six of the agreement state:

6. *Transferability.* Any attempted voluntary transfer, or any transfer by operation of law (subject only to the provision with regard to the rights of a surviving widow on the death of an employee as set out in paragraph 6 below) by a Member of his interest in the Group or any part thereof shall be null and void. The attempt to so transfer shall create an option in favor of Shoney's to purchase said interest at the same price which the Member originally paid for said interest, less cumulative losses, if any. Said option shall exist for 90 days after Shoney's receives actual notice of the attempted transfer and that option must be exercised, if at all, within that 90 day period. The legal principle of implied notice shall not apply. If Shoney's fails to exercise the option described above, a transfer may be made by the Member to another employee of Shoney's or its subsidiaries.

6. *Option to Purchase.* Each Member ... acknowledges that he (or she) was given the opportunity to participate in this joint venture only because he was an employee of Shoney's or one of its subsidiaries. Should said employment terminate for any reason, including death, before it was run for five years from date of this agreement, said Member agrees hereby that Shoney's shall have an option to purchase his Units by payment in cash to the Member the same price which the Member originally paid for his interest, less cumulative losses, if any. This option shall exist for 90 days after the termination of employment and shall be exercised, if at all, within said 90 days. * * *

Section 541(c) provides:

(c)(1) Except as provided in paragraph (2) of this subsection, an interest of the debtor in property becomes property of the estate under subsection (a)(1), (a)(2), or (a)(5) of this section not withstanding any provision in an agreement, transfer instrument, or applicable nonbankruptcy law—

(A) that restricts or conditions transfer of such interest by the debtor; or

(B) that is conditioned on the insolvency or financial condition of the debtor, on the commencement of a case under this title, or on the appointment of or taking possession by a trustee in a case under this title or a custodian before such commencement, and that effects or gives an option to effect a forfeiture, modification, or termination of the debtor's interest in property.

(2) a restriction on the transfer of a beneficial interest of the debtor in a trust that is enforceable under applicable nonbankruptcy law is enforceable in a case under this title.

■ The trustee and intervenor are correct in their assertion that this means that any restriction on the transfer of the debtor's property is inoperative to prevent inclusion of the property in the debtor's estate. It does not follow, however, that restrictions on transfers are avoided merely by inclusion as property of the estate.

The purpose of section 541(c)(1)(A) was to permit the transfer of the *debtor's* interest *to the estate,* notwithstanding any restriction on that transfer. Section 541(c)(1)(B) serves the purpose of invalidating restrictions on transfers that exist due to the debtor's insolvency. In this manner, section 541(c)(1) ensures that all of the debtor's interest in property is transferred to the estate and that parties may not contract around such a transfer solely because the debtor is insolvent or filed for protection under title 11. The purpose is to invalidate restrictions on transfers that would "prevent inclusion of the property in the estate." 4 *Collier on Bankruptcy,* ¶ 541.22, at 541–111 (15th Ed.1994). "Congress intended section 541(c)(1)(A) to eliminate the barriers to the transfer of property *to* the estate and nothing more; it did not intend to vitiate restrictions under prepetition agreements on transfer of that property out of the hands of the trustee standing as successor to the debtor." *Calvert v. Bongards Creameries (In re Schauer),* 62 B.R. 526, 530 (Bankr.D.Minn.1986), *aff'd,* 835 F.2d 1222 (8th Cir.1987). *Accord State of California v. Farmers Markets, Inc. (In re Farmers Markets, Inc.),* 792 F.2d 1400, 1402 (9th Cir. 1986), *rev'g* 36 B.R. 829 (Bankr.E.D.Cal.

1984); *In re Todd,* 118 B.R. 432 (Bankr. D.S.C.1990); *In re Baquet,* 61 B.R. 495, 498–500 (Bankr.D.Mont.1986); *In re Polycorp Associates, Inc.,* 47 B.R. 671 (Bankr.N.D.Cal. 1985). Thus, section 541(c)(1)(A) does not invalidate the restrictions in the joint venture agreement. Rather, it ensures that the debtor's interest in that joint venture agreement, including transfer restrictions imposed upon the debtor not otherwise precluded by law, becomes property of the estate.

Certain restrictions on transfers are, however, precluded by law. Section 541(c)(1)(B) provides that restrictions on transfers based upon the debtor's insolvency or bankruptcy filing are invalid. These types of restrictions on transfers are discussed in the cases cited by the trustee and the intervenor. *See, e.g., Cutler v. Cutler (In re Cutler),* 165 B.R. 275 (Bankr.D.Ariz.1994); *In re Railway Reorganization Estate, Inc.,* 133 B.R. 578 (Bankr. D.Del.1991). In those cases the restrictions on transfers came into being solely by virtue of the bankruptcy filing, thereby invoking the restrictions imposed by 11 U.S.C. § 541(c)(1)(B). The particular clauses restricting transfers reduced the estate's options *because* of the bankruptcy filing.

In the instant case, however, the joint venture agreement restricts generally transfers of interests to Shoney's, Inc. or to employees of Shoney's, Inc. These restrictions are in no manner tied to the debtor's insolvency. *Compare Jones Truck Lines, Inc. v. Afco Steel, Inc.,* 849 F.Supp. 1296, 1304–05 (E.D.Ark.1994) (Wilson, J.) (section 541(c)(1)(B) did not apply where rights under statute were not conditioned on insolvency). Further, the fact that Shoney's option is triggered by a proposed transfer does not implicate section 541(c)(1)(B) because the option is triggered by *any* sale in *any* context.[1] The restrictions on transfer exist whether or not the debtor is insolvent and whether or not a bankruptcy case is filed. Since no restrictions "conditioned on the insolvency or financial condition of the debtor, on the commencement of a case under this title, or on

the appointment of or taking possession by a trustee in a case under this title or a custodian before such commencement" exist in the joint venture agreement, section 541(c)(1)(B) has no application to this case.

■ Moreover, the restrictions on transfer do not effect a modification, termination or alteration of the debtor's rights under section 541(c)(1) because no alteration of rights has occurred. The rights, obligations, and restrictions existing pre-bankruptcy have not been forfeited, modified, or terminated by the debtor's insolvency, by the filing of the bankruptcy or by the transfer of the interest to the trustee. Rather, the trustee has the same rights as the debtor under the agreement. No options have in fact been reduced; no penalty is imposed; the trustee is merely bound by the original terms of the agreement, as was the debtor. Indeed, the trustee and intervenor, in effect, argue that property rights are expanded simply by virtue of the fact that the property belongs to the estate. There is no foundation in the Bankruptcy Code for such an assertion. The estate succeeds only to that interest of the debtor. *In re N.S. Garrott & Sons,* 772 F.2d 462, 466 (8th Cir.1985) ("[T]he definition was not designed to enlarge the debtor's rights against others beyond those existing at the commencement of the case."). The fact that the joint venture may be of lesser value to the estate than the trustee would like does not expand the rights in the property.

Both the trustee and the intervenor confuse the issues of what is property of the estate with the bundle of rights associated with the property. For example, the trustee asserts that "If Shoney's exercised this option, the property would be prevented from ever entering the estate and the control of the Trustee." *Memorandum of Law of Plaintiff* at 5. Since section 541(c)(1)(A) ensures that the property becomes property of the estate, this is incorrect. However, the trustee is limited by the nature of rights of that property. *In re N.S. Garrott & Sons,*

---

1. Section 541(c)(1) does preclude Shoney's having an option to purchase the interest solely by virtue of the bankruptcy filing. Thus, any option to purchase would not arise due to the transfer of the property to the bankruptcy estate, but, rather, would arise upon the trustee's proposal to transfer to a third party.

772 F.2d 462, 466 (8th Cir.1985). The trustee succeeds to all of the rights of the debtor, including restrictions on transfers and options of others to purchase.

Section 363 governs sale of the property of the estate. Section 363(l),[2] also asserted as a bar to the restrictions on transfer is less broad than section 541(c). Both provisions are intended to invalidate clauses which terminate a debtor's interest in property based upon the debtor's insolvency or bankruptcy filing. H.Rep. No. 95–595, 95th Cong., 1st Sess. 346, 369 (1978); S.Rep. No. 95–989, 95th Cong., 2d Sess. 57, 83 (1978), U.S.Code Cong. & Admin.News 1978, p. 5787. Since, as discussed above, no such restrictions exist in the joint venture agreement, section 363(l) does not invalidate the restriction on transfer. *See Bezanson v. Maine* (*In re Warmings A.G. Food Center*), 50 B.R. 748 (D.Me. 1985), *aff'd*, 782 F.2d 1024 (1st Cir.1985); *In re Baquet*, 61 B.R. 495, 500 (Bankr.D.Mont. 1986); *In re Anthony's Restaurant*, 44 B.R. 542 (Bankr.E.D.Pa.1984); *see also In re Anchorage International Inc.*, 718 F.2d 1446 (9th Cir.1983).

Based upon the transfer restrictions set forth in the joint venture agreement, the joint venture interests may not be sold to a person or entity other than according to those terms stated in the joint venture agreement. These restrictions, not invalidated by any provision of the Bankruptcy Code, are enforceable despite the fact that the joint venture agreement is property of the estate. Accordingly, it is

**ORDERED** that the Defendants' Motion for Partial Summary Judgment, filed on September 2, 1994, is GRANTED.

**IT IS SO ORDERED.**

---

**2.** Section 363(l) provides:

(l) Subject to the provisions of section 365, the trustee may use, sell, or lease property under subsection (b) or (c) of this section, or a plan under chapter 11, 12, or 13 of this title may provide for the use, sale, or lease of property, notwithstanding any provision in a contract, a lease, or applicable law that is conditioned on the insolvency or financial condition of the debtor, on the commencement of a case under this title concerning the debtor, or on the appointment of or the taking possession by a trustee in a case under this title or a custodian, and that effects, or gives an option to effect, a forfeiture, modification, or termination of the debtor's interest in such property.