650 F.2d 192
 7 Bankr.Ct.Dec. 1241, Bankr. L. Rep. P 68,322
 In re PETITE AUBERGE VILLAGE, INC., Bankrupt.
John P. STODD, Trustee, Plaintiff-Appellee,
v.
The STATE OF CALIFORNIA EMPLOYMENT DEVELOPMENT DEPARTMENT
and State Board of Equalization, each agencies of
the State of California, Defendants-Appellants.
 No. 79-3547.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted May 5, 1981.
Decided July 6, 1981.
 
 Herbert A. Levin, Los Angeles, Cal., for defendants-appellants.
 Ralph G. Pagter, Santa Ana, Cal., on brief, for plaintiff-appellee.
 Appeal from the United States District Court for the Central District of California.
 Before DUNIWAY, Senior Circuit Judge, and PREGERSON and CANBY, Circuit Judges.
 PREGERSON, Circuit Judge:
 
 
 1
 The sole issue on appeal is whether appellants, California Employment Development Department and State Board of Equalization, may collect tax penalties and post-bankruptcy petition interest out of the proceeds of sale of a bankrupt's liquor license. The district court held that tax penalties and post-petition interest may not be recovered. We affirm.
 
 I.
 
 2
 On December 6, 1977, Petite Auberge Village, Inc. filed a petition under Chapter XI of the Bankruptcy Act, 11 U.S.C. § 701, et seq.[1] Appellee John Stodd was appointed receiver. On October 13, 1978, the corporation was adjudicated a bankrupt and John Stodd was then appointed trustee.
 
 
 3
 Among the debtor's assets was a liquor license issued by the California Department of Alcoholic Beverage Control. On July 21, 1978, the bankruptcy court approved the sale of the liquor license to Timberline, Inc. Thereafter, pursuant to Cal.Bus. & Prof.Code § 24074, appellee Stodd opened an escrow to handle the sale of the license.[2] Under Cal.Bus. & Prof.Code § 24049, the escrow holder paid appellant Employment Development Department $8,066.82 in satisfaction of delinquent tax claims including $1,760.56 for tax penalties and post-bankruptcy petition interest.[3] The escrow holder also paid appellant Board of Equalization $24,026.28 in satisfaction of delinquent tax claims including $4,454.91 for tax penalties and post-bankruptcy petition interest. The tax penalties and post-petition interest were paid despite appellee's objections. Appellee then filed a complaint in the bankruptcy court to recover the post-petition interest and tax penalties paid to appellants. In holding for appellee, the bankruptcy court concluded that under State Board of Equalization v. Stodd, 500 F.2d 1208 (9th Cir. 1974), the only amounts payable under Cal.Bus. & Prof.Code § 24049, as a condition to the transfer of a liquor license by a trustee in bankruptcy, are taxes due and interest accrued to date of filing the bankruptcy petition. The district court affirmed the judgment of the bankruptcy court and this appeal followed.
 
 II.
 
 4
 Generally, a state may not recover tax penalties from the estate of a bankrupt. Section 57(j) of the Bankruptcy Act, 11 U.S.C. § 93(j);[4] Simonson v. Granquist, 369 U.S. 38, 82 S.Ct. 537, 7 L.Ed.2d 557 (1962). Moreover, interest on a debt stops when the bankruptcy petition is filed. Sexton v. Dreyfus, 219 U.S. 339, 31 S.Ct. 256, 55 L.Ed. 244 (1911). This case involves the question whether California can contravene these bankruptcy rules by requiring payment of tax penalties and post-petition interest out of the proceeds of sale of a liquor license as a condition of transfer of the license under Cal.Bus. & Prof.Code § 24049.
 
 
 5
 Under section 24049, the Department of Alcoholic Beverage Control has the power to refuse to transfer a liquor license until certain delinquent taxes are paid.[5] This court has previously held that a state may, as a condition of transfer of a liquor license, recover certain delinquent taxes before other creditors of the bankrupt estate are permitted to share in the proceeds of sale of the license. In re Professional Bar Co., 537 F.2d 339 (9th Cir. 1976); United States v. California, 281 F.2d 726 (9th Cir. 1960). The right, during bankruptcy proceedings, to recover delinquent taxes as a condition of transfer of a liquor license stems from the state's power to define the nature of state-created property rights. Board of Trade v. Johnson, 264 U.S. 1, 10, 44 S.Ct. 232, 234, 68 L.Ed. 533 (1924). The liquor license here is such a state-created property right. In re Professional Bar Co., 537 F.2d at 340.
 
 
 6
 The district court disallowed appellants' claims for tax penalties and post-petition interest on the ground that State Board of Equalization v. Stodd, 500 F.2d 1208 (9th Cir. 1974), governs. In Stodd we addressed the question whether tax penalties and post-bankruptcy petition interest are recoverable under section 24049. There the bankrupt's assets included a California liquor license. The Department of Alcoholic Beverage Control informed the trustee that the sale of the license through escrow would not be approved until delinquent tax claims of the Board of Equalization and the Department of Human Resources had been satisfied up to the value of the license. The agencies claimed principal and pre-petition interest on delinquent taxes, but did not ask for tax penalties or post-petition interest. Since the state's claims for taxes and pre-petition interest far exceeded the value of the license, the trustee paid the state the entire proceeds from the sale. The state, however, applied the amounts received first to tax penalties and post-petition interest and then to the principal and pre-petition interest. Later the state filed amended claims in the bankruptcy proceedings to recover from the debtor's other assets the unpaid portion of principal and pre-petition interest. The trustee paid the amended claims less the sums the state had applied to penalties and post-petition interest. The bankruptcy court and the district court approved the trustee's action, and we affirmed. After stating the general rule that tax penalties and post-petition interest are not recoverable in bankruptcy proceedings, we observed:In the instant case the liquor license and proceeds from its sale were a part of the bankrupt's estate, to which title passes to the Trustee under § 70a(5) of the Bankruptcy Act. The $6,000 proceeds passed through the Trustee's possession by court order.
 
 
 7
 Once funds are part of the bankrupt estate, they may not be used to pay tax penalties and post-petition interest under § 57j
 
 
 8
 The state has attempted to accomplish indirectly what it could not do directly by applying the $6,000 to the penalty and post-petition interest and filing an amended claim for the remainder of the delinquent taxes and pre-petition interest.
 
 
 9
 Id. at 1210.
 
 
 10
 Stodd appears to govern the disposition of this case. Appellants, nevertheless, advance two arguments to distinguish Stodd. The first is that Stodd held only that the state may not file amended claims to recover tax penalties and post-petition interest from the bankrupt's assets except from the proceeds of sale of a liquor license. Appellants' second and related argument is that the escrow proceeds from the sale of the liquor license are part of the bankrupt's estate only after the claims of California tax agencies against such proceeds are satisfied. Therefore, section 57(j) of the Bankruptcy Act forbidding the payment of tax penalties and federal case law forbidding payment of post-petition interest from the bankrupt estate do not apply.
 
 
 11
 Appellants are incorrect on both counts. We held in Stodd that the liquor license and its proceeds were assets of the bankrupt estate even before the sale of the license. 500 F.2d at 1210. Because the proceeds of sale were part of the bankrupt's estate, they could not be used to pay tax penalties and post-petition interest. Id.
 
 
 12
 Moreover, in Stodd the question was not whether the state could file amended claims against the bankrupt's assets to recover unpaid taxes not satisfied by the proceeds of sale of the liquor license. The question was whether "the funds received (by the state) as a condition of transfer were received wholly outside the bankruptcy proceedings and the application of the funds by the agencies was therefore not within the jurisdiction of the bankruptcy court." Id. at 1209-10. We answered that question in the negative. The state's filing of amended claims against the bankrupt estate was irrelevant to the resolution of that key question. In fact, we remarked that the manner in which the state in Stodd attempted to recover the tax penalties and post-petition interest did not mask the illegal effect of its act, namely, to violate section 57j's mandate by recovering penalties and post-petition interest from liquor license proceeds that were part of the bankrupt's estate. Id. at 1210.
 
 
 13
 Finally, appellants argue that, under California law, tax penalties and post-petition interest are considered part of a delinquent "tax" and that therefore they are recoverable under section 24049 as part of the state's right to define the nature of state-created property rights. We do not agree. Assuming appellants' interpretation of California law is correct, California's definition of "tax" would not necessarily be applied in federal bankruptcy proceedings. As the Supreme Court pointed out in Board of Trade v. Johnson, 264 U.S. 1, 10, 44 S.Ct. 232, 234, 68 L.Ed. 533 (1924):
 
 
 14
 Congress derives its power to enact a bankrupt law from the Federal Constitution and the construction of it is a federal question. Of course, where the bankrupt law deals with property rights which are regulated by the state law, the federal courts in bankruptcy will follow the state courts; but when the language of Congress indicates a policy requiring a broader construction of the statute than the state decisions would give it, federal courts cannot be concluded by them.
 
 
 15
 Thus, a state law contrary to federal bankruptcy law must yield. National Collection Agency, Inc. v. Trahan, 624 F.2d 906, 907 (9th Cir. 1980); In re Professional Bar Co., 537 F.2d at 340.
 
 
 16
 Allowing the state to recover tax penalties conflicts with the language of the act, which is "broad enough to bar all penalties," and with the "broad aim of the Act to provide for the conservation of the estates of insolvents to the end that there may be as equitable a distribution of assets as is consistent with the type of claims involved." Simonson v. Granquist, 369 U.S. 38, 40, 82 S.Ct. 537, 538, 7 L.Ed.2d 557 (1962).
 
 
 17
 Moreover, the prohibition of all tax penalties in bankruptcy is wholly consistent with the policy of the penalty provisions themselves. Tax penalties are imposed at least in part as punitive measures against persons who have been guilty of some default or wrong. Enforcement of penalties against the estates of bankrupts, however, would serve not to punish the delinquent taxpayers, but rather their entirely innocent creditors.
 
 
 18
 Id. 369 U.S. at 40-41, 82 S.Ct. at 538-539 (footnote omitted). Just as the Supreme Court in Simonson did not permit the federal government to recover tax penalties by characterizing them as "secured liens," we will not permit the state to recover tax penalties and post-petition interest by characterizing them as "delinquent taxes." The policies mandating nonrecovery of tax penalties and post-petition interest are too important to be frustrated here by the state's argument.
 
 
 19
 Accordingly, the district court is AFFIRMED.
 
 
 
 [1]
 The new Bankruptcy Code, 11 U.S.C. § 101 et seq., became effective on October 1, 1979. Because this case was filed before that date, it is governed by the Bankruptcy Act, codified in former 11 U.S.C. § 1 et seq
 
 
 [2]
 Cal.Bus. & Prof.Code § 24074 provides in part as follows:
 Before the filing of (a liquor license) transfer application with the (Department of Alcoholic Beverage Control), if the intended transfer of the business or license involves a purchase price or consideration, the licensee and the intended transferee shall establish an escrow with some person, corporation, or association not a party to the transfer acting as escrow holder, and the intended transferee shall deposit with the escrow holder the full amount of the purchase price or consideration.
 
 
 [3]
 Cal.Bus. & Prof.Code § 24049 provides as follows:
 The (Department of Alcoholic Beverage Control) may refuse to transfer any (liquor) license when the applicant is delinquent in the payment of any taxes due under the Alcoholic Beverage Tax Law, the Sales and Use Tax Law, the Personal Income Tax Law, or the Bank and Corporation Tax Law, or on unsecured property as defined in Section 134 of the Revenue and Taxation Code, when such tax liability arises in full or in part out of the exercise of the privilege of an alcoholic beverage license, or any amount due under the Unemployment Insurance Code when such liability arises out of the conduct of a business licensed by the Department of Alcoholic Beverage Control.
 
 
 [4]
 Section 57(j) of the Bankruptcy Act reads as follows:
 Debts owing to the United States or to any State or any subdivision thereof as a penalty or forfeiture shall not be allowed, except for the amount of the pecuniary loss sustained by the act, transaction, or proceeding out of which the penalty or forfeiture arose, with reasonable and actual costs occasioned thereby and such interest as may have accrued on the amount of such loss according to law.
 
 
 [5]
 See note 3, supra