998 F.2d 756
 29 Collier Bankr.Cas.2d 347, 24 Bankr.Ct.Dec. 798,
Bankr. L. Rep. P 75,378
 In re DEL MISSION LIMITED, Debtor.
The STATE OF CALIFORNIA STATE BOARD OF EQUALIZATION; The
State of California Employment Development
Department, Appellants,
v.
Harold S. TAXEL, Trustee, Appellee.
 No. 91-56286.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted Feb. 5, 1993.
Decided July 16, 1993.
 
 Arthur C. De Goede, Asst. Atty. Gen., and Richard W. Bakke, Deputy Atty. Gen., Los Angeles, CA, for appellants.
 Jeffry A. Davis, Marie Wright-Travis, Gray, Cary, Ames & Frye, San Diego, CA, for appellee.
 Appeal from the United States Bankruptcy Appellate Panel of the Ninth Circuit Court of Appeals.
 Before: BEEZER, BRUNETTI and THOMPSON, Circuit Judges.
 BEEZER, Circuit Judge:
 
 
 1
 The California Employment Development Department (EDD) and the State Board of Equalization appeal the bankruptcy appellate panel's affirmance of the bankruptcy court's judgment in favor of Harold S. Taxel, the trustee of debtor Del Mission Limited. 130 B.R. 362. The bankruptcy court held that EDD and the Board violated the automatic stay set forth in 11 U.S.C. § 362 by demanding payments relating to Del Mission's liquor license. We have jurisdiction under 28 U.S.C. § 158(d), and we affirm.
 
 
 2
 * The bankruptcy court approved the sale of Del Mission's liquor license through an order that provided for payment of "necessary" amounts to EDD and the Board. As a condition of transferring the license, EDD and the Board demanded payment of all unpaid taxes, penalties and interest.
 
 
 3
 Taxel complained that EDD and the Board violated the automatic stay by demanding payment of unauthorized amounts. Taxel sought the return of amounts paid for pre-bankruptcy petition penalties and postpetition interest on prepetition taxes. The bankruptcy court entered judgment for Taxel and later sanctioned EDD and the Board for violating the stay.
 
 
 4
 We independently review the bankruptcy court's decision. In re Kimura, 969 F.2d 806, 810 (9th Cir.1992). We review its findings of fact for clear error and its conclusions of law de novo. Id.
 
 II
 
 5
 The liquor license and proceeds generated by its sale are property of Del Mission's estate. 11 U.S.C. § 541; In re Farmers Markets, Inc., 792 F.2d 1400, 1402-03 (9th Cir.1986); In re Petite Auberge Village, Inc., 650 F.2d 192, 195 (9th Cir.1981). Out of the proceeds, however, California has reserved the right to first priority payment of "delinquent taxes." Petite Auberge at 194; see Farmers Markets at 1403; Cal.Bus. & Prof.Code § 24049 ("The [Department of Alcoholic Beverage Control] may refuse to transfer any [liquor] license when the applicant is delinquent in the payment of any taxes due....").
 
 
 6
 EDD and the Board argue that California's right to first priority payment covers not only all taxes due, but also all related penalties and interest. In light of federal bankruptcy prohibitions against any payment of tax penalties and postpetition interest, we held in cases decided under the former Bankruptcy Act that "delinquent taxes" comprised only pre- and postpetition taxes and prepetition interest. E.g., Petite Auberge, 650 F.2d at 195-96. That California law might have allowed greater recovery outside of bankruptcy made no difference. Id.
 
 
 7
 We decide this case under the Bankruptcy Code and conclude that the scope of "delinquent taxes" is broader than under the Act, but does not encompass all unpaid taxes, penalties and interest. Under the Code and with exceptions not relevant here, payment of postpetition tax penalties and interest on postpetition taxes receives first priority. 11 U.S.C. §§ 503(b)(1)(C), 507(a)(1); In re Mark Anthony Constr., Inc., 886 F.2d 1101, 1102 (9th Cir.1989). The Code, however, prohibits claims for postpetition interest on unsecured claims. 11 U.S.C. §§ 502(b)(2), 506(b). EDD and the Board do not argue that California's right to payment of prepetition taxes is secured. While the Code does not forbid a penalty claim relating to prepetition taxes, it provides such a claim with priority no higher than seventh. 11 U.S.C. § 507(a)(7)(G). Out of the proceeds from the sale of a debtor's liquor license, California has the right to first priority payment of all amounts owed except amounts owed for prepetition penalties and postpetition interest on prepetition taxes. A claim for prepetition penalties is paid after higher priority claims, and any claim for postpetition interest on prepetition taxes is disallowed. As we noted in Farmers Markets, EDD and the Board may protect California's interest by moving the bankruptcy court for relief from stay or adequate protection. 792 F.2d at 1404.
 
 III
 
 8
 In this case, EDD and the Board violated the automatic stay by demanding unauthorized payments. 11 U.S.C. § 362(a)(3), (6). Authority to pay "necessary" amounts does not elevate payment of prepetition penalties to first priority or permit payment of prohibited postpetition interest on prepetition taxes. Because EDD and the Board did not timely appeal the sanctions order, we lack jurisdiction to consider the issues they raise related to that order. In re Souza, 795 F.2d 855, 857 (9th Cir.1986).
 
 
 9
 AFFIRMED.
 
 DAVID R. THOMPSON, Circuit Judge, concurring:
 
 10
 I concur. I write separately to clarify what I understand to be the holding of this case in Part II of the majority opinion.
 
 
 11
 The holding derives from the issue. The issue is: May the State of California require payment of its claim for prepetition tax penalties and postpetition interest on prepetition unsecured taxes out of the proceeds of the sale of a liquor license under California Business and Professions Code § 24049 (West 1985)?[1]
 
 
 12
 In In re Petite Auberge Village, Inc., 650 F.2d 192, 195-96 (9th Cir.1981), we answered "no." Petite Auberge, however, was decided under the former Bankruptcy Act. This case arises under the Bankruptcy Code. Under the Code, prepetition penalties and postpetition interest on prepetition taxes are treated differently. There is a flat prohibition against the recovery of postpetition interest on unsecured prepetition taxes. 11 U.S.C. § 502(b)(2) (1988). As to prepetition penalties, however, the rule is different. A claim for these penalties is relegated to seventh priority. 11 U.S.C. § 507(a)(7)(G) (1988).
 
 
 13
 As I understand the majority's analysis, it is simply that we will apply the reasoning of Petite Auberge, an Act case, to this case which we decide under the Code. According to the Code, California is not entitled to postpetition interest on unsecured prepetition taxes, and because the assets of the estate were exhausted before getting to Class 7 claims, California is not entitled to prepetition penalties. I agree with this decision.
 
 
 
 [1]
 The bankruptcy court granted summary judgment in favor of the trustee on his claim for a refund from the State of California of $14,236 in prepetition penalties and $1,368 in postpetition interest on prepetition unsecured taxes. The Bankruptcy Appellate Panel affirmed. Only the recovery of these items is involved in this appeal